**Larry Christopher ZAPALAC, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0541–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 17, 1982.

Discretionary Review Refused
Oct. 6, 1982.

Douglas O'Brien, Houston, for appellant.

Larry Urquhart, Houston, for appellee.

Before SMITH, STILLEY and PRICE, JJ.

PRICE, Justice.

This is an appeal from a conviction for aggravated rape. The jury assessed punishment at life imprisonment and a fine of $10,000.

In his first ground of error, appellant contends that the evidence is insufficient to sustain a conviction for aggravated rape. He concedes that the evidence may show the commission of a rape, but maintains that the evidence is insufficient to establish that he compelled submission by a threat of death or serious bodily injury to be immi-

nently inflicted on the prosecutrix as required by § 21.03, V.A.P.C. We disagree.

The prosecutrix testified that on October 26, 1980, she was employed as a cocktail waitress at Gilley's, a local nightclub. During the evening she met the appellant who was introduced as Dr. Larry Miller. After talking for a few minutes they made a date to go horseback riding the next day. On the following day, they drove to a wooded area near Conroe. As the prosecutrix walked down a path, the appellant grabbed her around the throat, kicked her feet out from under her knocking her down and caused her to hit her head on the ground. He jumped on top of her and told her that if she said anything he would "hurt her real bad." He grabbed her by the hair and dragged her back to the car where he took a pillow and sheet out of the trunk. He took her back to where he had knocked her down and made her take off her clothes. He had sexual intercourse with the prosecutrix and then made her perform oral sodomy on him. He took her back to the car and told her that the reason it had happened was because someone had hired him to "mangle and maul her for life." He showed her $150.00 in cash and said he was to receive the other half when the job was completed. She told the appellant that she would pay him the money if he would let her go. Before they left the area the appellant again forced the prosecutrix to have sexual intercourse and to perform oral sodomy on him. The prosecutrix claimed she was becoming sick so the appellant hit her in the stomach. They then left to get the money and headed back to South Houston. They stopped at a service station and appellant told the prosecutrix that he had a gun and that if she said anything he would "blow her up." He then drove to a motel in South Houston where he again forced her to have sexual intercourse with him. They next drove to the prosecutrix's home where she got her wallet and checks. They went to a drive-in teller at the bank where she cashed a check for $100.00 which she gave to the appellant. They left the bank, drove around for awhile and before he let the prosecutrix out, he told her that if she told anyone he would kill her.

The record further reflects and the prosecutrix testified that as a result of the rough handling, she received bruises and scratches. The blow to the head that she received when she was initially thrown to the ground resulted in partial blindness that had to be corrected through surgery. The prosecutrix further testified that even though no weapon was ever displayed she was afraid for her life.

When the sufficiency of the evidence is challenged, such evidence must be viewed in the light most favorable to the jury's verdict. *Rogers v. State,* 550 S.W.2d 78 (Tex.Cr.App.1977). The term "threat" is not limited to the use of verbal aggression but may include acts amounting to an offer to use future force. Threats may be communicated by actions, words or deeds. *Seaton v. State,* 564 S.W.2d 721 (Tex.Cr.App. 1978); *Rogers v. State,* supra.

In the instant case, the jury found that the appellant compelled the prosecutrix's submission to the offense by threats of death and serious bodily harm. We therefore hold that the evidence of the acts of violence coupled with the threats of serious bodily injury is sufficient to support the verdict. The appellant's first ground of error is overruled.

Appellant next asserts that the trial court erred in failing to grant his motion to quash the indictment. The indictment alleges, in pertinent part, that appellant:

"... did then and there unlawfully, intentionally and knowingly by force and by threatening the imminent infliction of serious bodily injury and death to D_____ L_____, a female not his wife and hereafter styled the complainant, have sexual intercourse with the Complainant and without the consent of the Complainant."

In his motion to quash, the appellant states that the term "serious bodily injury," as alleged in the indictment, is not sufficiently certain to put the appellant on notice as to what type of serious bodily injury

the State will rely on to prosecute its accusation against him. Further, he argues that the failure to designate one of the specific statutory alternatives of that term deprives him of the opportunity to properly prepare a defense. He points to Sec. 1.07(a)(34), V.A.P.C., which defines "serious bodily injury" as:

"bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ."

Bodily injury means physical pain, illness, or any impairment of physical condition. Sec. 1.07(a)(7), V.A.P.C.

An indictment to be proper must charge the commission of an offense in ordinary and concise language by alleging facts sufficient to give a defendant notice of precisely what he is charged with. Art. 21.11, V.A.C.C.P. However, unless a fact is essential for notice to the defendant, the indictment need not plead the evidence relied on by the state. *Phillips v. State,* 597 S.W.2d 929 (Tex.Cr.App.1980), *Cameron v. State,* 401 S.W.2d 809 (Tex.Cr.App.1966). Moreover, when a statute defining any offense uses special or particular terms, the indictment on it may use the general term which, in common language, embraces the special term, Art. 21.12, V.A.C.C.P.

The term "serious bodily injury" is a general term. At trial, while the evidence might show a specific type of injury prescribed by the statute, this would be only an evidentiary matter and would not need to be specifically plead. *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.1981).

It is a rare exception when an indictment drawn in the language of the penal statutes is legally insufficient to provide a defendant with notice of the charged offense. *Phillips v. State,* supra. We therefore, find that the indictment sufficiently alleges facts to enable the appellant to prepare his defense. The second ground of error is overruled.

In his third ground of error, the appellant contends that the indictment is defective and subject to a motion to quash for failing to allege that appellant "compelled submission to" the rape. He argues that Section 21.03(a)(2) V.A.P.C. requires this language and the trial judge erred by denying his motion to quash. We disagree.

This contention has been decided adversely to appellant in *Church v. State,* 552 S.W.2d 138 (Tex.Cr.App.1977). There it was held that a rape indictment which failed to allege that the defendant compelled the prosecutrix to submit to rape is not fundamentally defective. The indictment in *Church* is the same as in the instant case alleging that appellant by force and threat of imminent infliction of serious bodily injury and death had sexual intercourse with the prosecutrix without her consent. The Court of Criminal Appeals stated that there was no material difference between the two allegations. A reasonable reading of the entire indictment is that the prosecutrix was compelled to submit to appellant's act by force and threats. See also *Rubio v. State,* 607 S.W.2d 498 (Tex.Cr.App.1980); *Watson v. State,* 548 S.W.2d 676 (Tex.Cr. App.1977).

Article 21.17, V.A.C.C.P., provides:

"Words used in a statute, to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning or which include the sense of the statutory words."

The appellant's third ground of error is overruled.

In his final ground of error, the appellant complains that the trial court erred in admitting, over objection, the testimony of state's witness Ms. Lomes regarding the appellant's bad reputation for being a peaceful and law-abiding citizen in the community. He argues that Ms. Lomes was not qualified to give such testimony because it was not based on anything she had heard from other persons.

Reputation testimony is of necessity hearsay evidence. It cannot be based on a witness' personal knowledge or opinion or knowledge of violent acts committed by

a person. It must be based on what others say about the person. *Beecham v. State,* 580 S.W.2d 588 (Tex.Cr.App.1979). Prior to any such testimony being admissible, it must be shown that the witness is acquainted with the person's reputation in the community. *Weatherall v. State,* 159 Tex.Cr.R. 415, 264 S.W.2d 429 (1954).

In the present case the record reflects that prior to testifying to the appellant's bad reputation, Ms. Lomes had discussed this reputation with her mother, with a friend of the prosecutrix and with some police officers. Thus, a proper predicate was established to allow the admissibility of this testimony.

The appellant's fourth ground of error is overruled and the judgment is affirmed.