Carlos Rene **RODRIGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–81–00866–CR.

Court of Appeals of Texas,
Dallas.

Feb. 21, 1983.

John P. Knouse, Dallas, for appellant.

Henry Wade, Dist. Atty., Gilbert P. Howard, Asst. Dist. Atty., Dallas, for appellee.

Before FISH, ALLEN and ROWE,[1] JJ.

FISH, Justice.

Carlos Rene Rodriguez appeals his conviction for aggravated rape, for which the jury assessed punishment at 99 years. We affirm.

*Sufficiency of the Evidence*

Appellant first questions the sufficiency of the evidence.[2] The indictment charged, in pertinent part, that appellant did

> compel the Complainant to submit to the said act of sexual intercourse by verbally threatening serious bodily injury and death to be imminently inflicted on the Complainant.

Because nothing in the record supports the indictment's allegation that appellant verbally threatened complainant, he asserts that the proof failed to establish the aggravating element which transforms the offense of rape denounced by Penal Code § 21.02[3] into aggravated rape prohibited by § 21.03.[4]

The record reflects that two men, Soupy and Thomas, abducted complainant late at night from Lee Park in Dallas. They took her to a secluded location nearby where Soupy, who was armed with a club, hit her and said: "I have got a gun. . . . You better shut up or I will kill you." Although

---

1. At original submission the panel consisted of Justices Robertson, Fish and Allen. Subsequently, Justice Robertson resigned from this court to become a Justice of the Supreme Court of Texas. His successor, Justice Gordon H. Rowe, Jr., participated in the decision reflected by this opinion.

2. Appellant also attacks the State's jury argument and reputation witnesses in two additional grounds, which we overrule in a separate unpublished opinion.

3. Rape
   (a) A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent.

\* \* \* \* \* \*
Tex. Penal Code Ann. § 21.02 (Vernon 1974).

4. Aggravated Rape
   (a) A person commits an offense if he commits rape as defined in Section 21.02 of this code . . . and he:
   \* \* \* \* \* \*
   (2) by acts, words, or deeds places the victim in fear of death, serious bodily injury . . .
   \* \* \* \* \* \*
Tex. Penal Code Ann. § 21.03 (Vernon Supp. 1982–1983).

complainant never saw a gun, she feared for her life because of Soupy's statement. After both men had intercourse with her, they took her to Pike Park, a short distance away. There the group encountered appellant, who apparently knew the abductors. All three men then led complainant to a wooded area beside the park, where each in turn had intercourse with her again.

When a gun or knife is displayed and then put away, the threat of its use may continue throughout the episode. *Jackson v. State,* 591 S.W.2d 820, 822 (Tex.Cr.App. 1980). Though a gun was never actually displayed in this case, Soupy threatened to kill complainant with a gun immediately after she was abducted. When appellant joined the group, Soupy and Thomas made additional statements in complainant's presence concerning their possession of a gun. On this record, the jury could reasonably have found that the threat of using a gun to harm complainant persisted until she was released, and that the rapes committed by Soupy and Thomas were aggravated by this threat throughout the episode. *See Wilhoit v. State,* 638 S.W.2d 489, 492–94 (Tex.Cr. App.1982); *Zapalac v. State,* 638 S.W.2d 546, 548 (Tex.App.—Houston [1st Dist.] 1982, p.d.r. ref'd); *McAfee v. State,* 624 S.W.2d 776, 777–78 (Tex.App.—Houston [14th Dist.] 1981).

The court charged the jury on the law of parties. Under that charge, the jury was authorized to find appellant guilty if it believed that appellant, acting with culpable intent, aided or attempted to aid Soupy and Thomas in their commission of aggravated rape.[5]

To determine whether the evidence is sufficient to show that appellant was a party to the offense, the reviewing court may look to events before, during, and after its commission, and reliance may be placed on actions which show an understanding and common design to do a certain act. *Gutierrez v. State,* 628 S.W.2d 57, 67 (Tex. Cr.App.1982) (en banc) (on appellant's motion for rehearing); *Alexander v. State,* 607 S.W.2d 551, 553 (Tex.Cr.App.1980); *Wygal v. State,* 555 S.W.2d 465, 468–69 (Tex.Cr. App.1977).

The record reflects that appellant apparently knew Soupy and Thomas when he met them at Pike Park; that he assisted Soupy and Thomas in "jerking" complainant's clothes off; that while one of the three raped complainant, appellant forced her to have oral sodomy with him; that the three assailants then took complainant to appellant's home, where she was again raped by each of the three; that while appellant was raping complainant at his home, he covered her mouth with his hand when he saw someone else moving about in the house; and finally, that appellant retrieved complainant's jeans from another room when the assailants decided to allow her to leave.

This evidence was sufficient, if believed, to show appellant's intent to assist Soupy and Thomas, as well as his acts to aid them, while they were committing aggravated rape. The jury was thus authorized to find appellant guilty as a party to aggravated rape, even though the aggravating element of verbal threats came only from his co-participants. *See Taylor v. State,* 637 S.W.2d 929, 933–34 (Tex.Cr.App.1982); *Perez v. State,* 608 S.W.2d 634, 635 (Tex.Cr.App.

---

**5.** Parties to Offenses

    (a) A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

    (b) Each party to an offense may be charged with commission of the offense.

    (c) All traditional distinctions between accomplices and principals are abolished by this section, and each party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice.

\* \* \* \* \* \*

Tex. Penal Code Ann. § 7.01 (Vernon 1974). Criminal Responsibility for Conduct of Another

    (a) A person is criminally responsible for an offense committed by the conduct of another if:

\* \* \* \* \* \*

    (2) Acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense . . . .

\* \* \* \* \* \*

Tex. Penal Code Ann. § 7.02 (Vernon 1974).

1980); *cf. Curtis v. State,* 573 S.W.2d 219, 223 (Tex.Cr.App.1978) ("[I]t does not matter that the offense originally intended by appellant, aggravated assault, subsequently escalated into murder."); *Thompson v. State,* 514 S.W.2d 275, 276 (Tex.Cr.App. 1974) (plea of guilty to attempted escape also sufficient to show appellant's guilt of robbery by assault committed by others during course of escape).

Affirmed.