Haron STEPHENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-83-00160-CR.

Court of Appeals of Texas,
Dallas.

Aug. 30, 1984.

Rehearing Denied Oct. 12, 1984.

Michael Byck, Lawrence B. Mitchell, Dallas, for appellant.

Ruth Plagenhoef, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, SPARLING and SHUMPERT, JJ.

SPARLING, Justice.

Appellant was convicted of aggravated rape and sentenced to twelve years imprisonment. Appellant contends, *inter alia*, that the evidence was insufficient. We agree and reverse.

. The indictment charged appellant with the offense of rape and alleged, as an aggravating element, that he "threaten[ed] serious bodily injury and death to be imminently inflicted on the Complainant." The complainant was kidnapped by two men, one holding a gun and vowing to shoot her if she "did anything funny." The two men took her to an apartment where she heard two more male voices. Appellant was present at the apartment. The complainant was told to take off her clothes or "get hurt," but there was no evidence appellant was present when the threat was made. The complainant was forced into a bedroom and raped by four or five men. Appellant argues that under the law of parties, the evidence of threats of serious bodily injury or death was insufficient to convict appellant of aggravated rape. We agree.

█ A person is criminally responsible for an offense committed by another if "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX.PENAL CODE ANN. § 7.02(a)(2) (Vernon 1974); *Porter v. State*, 634 S.W.2d

846, 850 (Tex.Crim.App.1982); *Morrison v. State*, 608 S.W.2d 233, 234 (Tex.Crim.App. 1980); *Ramo v. State*, 568 S.W.2d 298, 303 (Tex.Crim.App.1978) (On State's Motion for Rehearing). To determine whether appellant may be guilty as a party, we may look to events before, during, and after the commission of the offense and may rely on actions which show an understanding and common design to do a certain act. *Alexander v. State*, 607 S.W.2d 551, 553 (Tex. Crim.App.1980); *Tarpley v. State*, 565 S.W.2d 525 (Tex.Crim.App.1978).

 "Threat" within the meaning of the aggravated rape statute includes any act amounting to an offer to use future force, and threats may be communicated by acts, words, or deeds. *Zapalac v. State*, 638 S.W.2d 546 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd). The threat must be communicated to the victim. *Taylor v. State*, 637 S.W.2d 929 (Tex.Crim.App.1982). To convict appellant of aggravated rape, the evidence must prove that appellant aided and abetted each element of the offense. *United States v. Pozos*, 697 F.2d 1238, 1242 (5th Cir.1983); *United States v. Fischel*, 686 F.2d 1082, 1087 (5th Cir.1982);[1] *Rodriquez v. State*, 646 S.W.2d 671 (Tex.App.— Dallas 1983, no pet.).

Even though the complainant succumbed to appellant while under the influence of the threat to kill her, the issue here is not cause and effect but, rather, responsibility. We do not hold appellant responsible for an act committed by means of a threat of which there is no evidence that he had any knowledge. Without knowledge of the threat, appellant did not promote or assist the commission of the offense of aggravated rape. We distinguish *Rodriquez v. State*, 646 S.W.2d 671 (Tex.App.— Dallas 1983, no pet.), on the ground that additional statements concerning possession of a gun were made in the presence of the complainant and appellant. Thus, "the

jury could reasonably have found that the threat of using a gun to harm complainant persisted until she was released and that the rapes ... were aggravated by this intent throughout the episode." 646 S.W.2d at 672. We hold that the evidence here was insufficient to sustain the conviction of aggravated rape.

The judgment is reversed, and a judgment of acquittal is entered. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

---

**1.** The federal law of responsibility for the conduct of another is substantially the same as the Texas law. The federal law states:

  Whoever commits an offense against the United States or aids, abets, counsels, commands,

induces, or procures its commission, is punishable as a principle.
18 U.S.C.A. § 2 (1969).