**Haron STEPHENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1095–84.

Court of Criminal Appeals of Texas,
En Banc.

June 11, 1986.

1. V.T.C.A. Penal Code, § 21.03, now repealed
and superseded by V.T.C.A. Penal Code, § 22.-
021.

Michael Byck, Lawrence B. Mitchell (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty. and Ruth E. Plagenhoef, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted of aggravated rape [1] and sentenced by the jury to twelve years imprisonment in the Texas Department of Corrections. The Dallas Court of Appeals found the evidence insufficient to support the conviction and consequently reversed and ordered a judgment of acquittal entered. *Stephens v. State,* 683 S.W.2d 23 (Tex.App.—Dallas 1984). *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). We granted the State's petition in order to review an important ruling of the court of appeals. Tex.Cr.App. Rule 302(b).

Evidence at trial showed that the complainant was abducted from a parking lot in Dallas by two men who took her in her car to a location she could not identify. Her shirt was pulled up over her head and later heavier material wrapped around her head, so that she was never able to identify her kidnappers or anyone involved in the subsequent offenses. She was taken upstairs to an apartment and told to undress. When she hesitated she was threatened with physical harm. As a result of the threat she submitted. She was then raped by a number of men; she could not tell how many. After the rapes she was robbed of her money and jewelry and taken to a vacant lot, where she was left bound and with her face still covered.

Four months later appellant was arrested along with his older brother, with whom he shared an apartment. Police recovered a bedspread which the complainant later identified as the covering on which she had been raped. Some ten hours after his arrest appellant signed a short statement which declared:

"On December 23, 1981 at about 11:00 P.M. I was in my apartment. I heard a knock on the back door. I opened it and Jeff and Lawrence came through and guided a girl with them. They took her into the bedroom and about then Delton came in the front door. I sat in the living room for awhile because I wasn't going to do anything. And then I went back in the bedroom and had sex with the girl. I took a bath and left with Stanley."

Appellant testified in a pretrial hearing and at trial that he signed this statement only because a police officer promised not to charge his brother Delton with additional offenses if appellant would sign. His testimony at trial was that as soon as he saw the woman with something wrapped around her head he realized she "wasn't supposed to be there." After arguing with his brother he left the apartment and didn't know what happened after that.

■ To reiterate, the complainant could not identify any of her attackers and did not know how many men had raped her. Other than the fact that the rapes took place in the apartment he rented with his brother, the only evidence connecting appellant to the crime was the statement he later repudiated. The jury convicted on that basis. The court of appeals held the evidence was insufficient to sustain the conviction for *aggravated* rape. By his own statement the jury could have found appellant guilty of rape. However, there was no evidence that he was in the room when the complainant was threatened with serious bodily injury to compel her to submit, nor that appellant was aware the threat had been made. The court of appeals concluded that even as a party, therefore, appellant could not be guilty of aggravated rape, citing two Fifth Circuit opinions for the proposition that "the evidence must prove that appellant aided and abetted each element of the offense." *United States v. Pozos,* 697 F.2d 1238, 1242 (CA5 1983); *United States v. Fischel,* 686 F.2d 1082, 1087 (CA5 1982).

A trial court's charge explains to the jury under what circumstances and of what offense it is authorized to convict. The sufficiency of the evidence to support a conviction must therefore be viewed in light of the charge the jury was given. *Benson v. State,* 661 S.W.2d 708, 714 (Tex.Cr.App. 1982). In the instant case the jury was charged, *inter alia:*

"A person commits the offense of aggravated rape if he intentionally or knowingly commits the offense of rape, as hereinafter defined, and he compels submission to the rape by threatening serious bodily injury or death to be imminently inflicted on anyone.

\*    \*    \*    \*    \*    \*

A person acts knowingly, or with knowledge, with respect to the nature of his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

\*    \*    \*    \*    \*    \*

Mere presence alone will not make a person a party to an offense. A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

\*    \*    \*    \*    \*    \*

Now, bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt ... and the defendant did intentionally or knowingly compel the Complainant to submit to the said act of sexual intercourse by

threatening serious bodily injury or death to be imminently inflicted on the Complainant, you will find the defendant guilty of the offense of aggravated rape, as .charged in the indictment ..."

The jury was authorized to find appellant guilty of aggravated rape as a principal or a party. They were *not* authorized to find him guilty of rape.[2] Therefore to sustain the conviction there must be sufficient evidence that appellant was criminally responsible for the aggravating element of threatening, by acts, words, or deeds occurring in the presence of the victim, to cause death or serious bodily injury. Section 21.-03(a)(3), supra.

The complainant testified that in the apartment she was led .through one room into another. It was in the second room that she was threatened with injury, before the rapes occurred. She was under the impression that there were four men in the room when the threat was made, and that some time later the four were joined by a fifth. Appellant's statement said that he stayed in the living room for some time after the complainant had been led into the bedroom. So there was no evidence that appellant was aware that the complainant had been threatened with death or serious bodily injury. It is for this reason the court of appeals held the evidence was insufficient to support his conviction for aggravated rape.

In *Perez v. State*, 608 S.W.2d 634 (Tex. Cr.App.1980), the defendant was convicted of aggravated rape. The aggravating element, under V.T.C.A. Penal Code, § 21.-03(a)(1) (since repealed), was that after the rape the victim was killed. The defendant contended that the evidence was insufficient to support his conviction for aggravated rape when it was proven at trial that it

was his codefendant who murdered the victim. This Court held that under V.T.C.A. Penal Code, § 7.02(b),[3] the evidence was sufficient to support the conviction for aggravated rape because the defendant "should have anticipated the silencing of the victim and sole witness to the brutal rape ..." *Id.* at 635. In the instant case, however, the jury had been charged to convict appellant only if it found that acting with intent to promote or assist the commission of *the offense*, he solicited, encouraged, directed, aided, or attempted to aid another person to commit *the offense*. "The offense" in this case was aggravated rape. The State was required to prove that appellant either committed or aided in the commission of that offense.

Similarly, the State advances theories of law to attach criminal responsibility on appellant; i.e., conduct and result, V.T.C.A. Penal Code, § 6.04(b)(1) and conspiracy, *id.,* § 7.02(b). However, the jury was not charged under these sections and so was not authorized to convict under either theory. In the absence of a charge under 6.04(b)(1) or 7.02(b), the court of appeals was correct: it was necessary for the State to prove that appellant aided, encouraged, or committed every element of the offense. Absent those charges, there was no authority by which to transform appellant's intent to commit rape to an "intent to promote or assist the commission of the offense" of aggravated rape.

The State argues further, "Here, the circumstances make it clear that Appellant knew *or should have known*[4] (i.e., a reasonable person would have known) that the offense he was joining in was an aggravated one in the sense that the victim was there under severe duress." This may be true in a general way. But while the evi-

---

**2.** The trial court's refusal to give a charge on the lesser included offense of rape formed the basis of a ground of error raised by appellant that the court of appeals did not have to reach in its disposition of the case.

**3.** "If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though

having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy."

**4.** Emphasis here and throughout this opinion is in the original material quoted.

dence may suggest that appellant is guilty as a party of the aggravating element of "by acts, words, or deeds places the victim in fear of death, serious bodily injury, or kidnapping to be imminently inflicted ..." V.T.C.A. Penal Code, § 21.03(a)(2), that was not the theory under which the State proceeded. Appellant was indicted and the jury was charged only with the specific aggravating element of *threatening* to cause serious bodily injury or death.

The State correctly points out that the jury was entitled to disbelieve the implicit claim in appellant's statement that he was unaware of the threat to the complainant. The point is, however, there was no evidence the jury could have believed showing that appellant *was* aware of the threat. The complainant even testified to her belief that someone entered the room after the threat was made, so to that extent her testimony corroborated appellant's statement. There was no evidence to show appellant knew the threat had been made.

We therefore hold the court of appeals was correct in concluding that the evidence was insufficient to support appellant's conviction for *aggravated* rape.

■ The State's second ground for review concerns the court of appeals' order that the judgment of the trial court be reversed and an acquittal ordered. The State contends that because the evidence would have been sufficient to support appellant's conviction under 7.02(b), supra, the failure to charge under that section was trial error, so that the cause should be remanded for new trial rather than an acquittal being ordered.

We note initially that the State did not specially request a charge on either 7.02(b) or 6.04(b)(1). (See discussion *infra.*) The assistant district attorney informed the trial court that the State had no objection to the charge as given. The State thereby voluntarily shouldered the burden of proof allotted to it by that charge. As we pointed out in *Ortega v. State*, 668 S.W.2d 701, at 704–05 n. 10 (Tex.Cr.App.1983) (Opinion on original submission), if a prosecutor believes a charge unnecessarily increases his burden of proof,

"it behooves him specially to request a charge which correctly allocates the burden placed on him by law. This is nothing more than the course of law which is due before a person may be deprived of liberty. Article 1.04, V.A.C.C.P. And if the record reflects the prosecutor has pursued this course to protect his lawful obligations, but the trial court has nevertheless refused the amendment to the indictment or submission of the requested charge, and the evidence is found insufficient to support the verdict *because of* the trial court's errors in this regard, those reviewable rulings of the trial court found erroneous by the appellate court constitute 'trial error,' and the State is free to pursue another prosecution. Cf. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978)."

This is not such a case. The State requested no special charges and made no objections to the court's charge. We may only assume therefore that the charge adequately represented the theory of guilt upon which the State prosecuted appellant. Having failed to prove guilt under that theory, the State is not entitled to try appellant again for the same offense using a different theory. The State is certainly in no position to claim it should be allowed to retry appellant due to "trial error" in the court's charge when the State specifically stated that it had no objection to that charge. The time for the State to claim error in the charge was before that charge was given to the jury, not now for the first time on appeal.

As we have shown, the evidence was insufficient to support a conviction under the charge given to the jury. If the jury had assiduously followed its instructions, the only verdict it was authorized to return was "not guilty." If it had done so, the State would have no right to appeal that decision or to try appellant again for the same offense. The same result is mandated by an appellate finding that the evidence

was insufficient to support a finding of guilty by *any* rational trier of fact.

"Moreover, such an appellate reversal means that the government's case was so lacking that it should not have even been *submitted* to the jury. Since we necessarily afford absolute finality to a jury's *verdict* of acquittal—no matter how erroneous its decision—it is difficult to conceive how society has any greater interest in retrying a defendant when, on review, it is decided as a matter of law that the jury could not properly have returned a verdict of guilty."

*Burks*, supra, 437 U.S. at 16, 98 S.Ct. at 2150, 57 L.Ed.2d at 12–13.

We hold, therefore, that the court of appeals properly ordered an acquittal entered. *Burks*, supra; *Greene*, supra.

The judgment of the court of appeals is affirmed.[5]

ONION, P.J., and McCORMICK and WHITE, JJ., dissent.

TEAGUE, Judge, concurring in part and dissenting in part.

I concur in the Court's judgment for the reasons expressed by Judge Clinton in the majority opinion. However, I disagree with the proposition that we are not called upon to decide whether the appellant may be retried for the lesser offense of rape, and dissent from this Court's failure to address the issue.

Rape is, or may be, a lesser included offense of aggravated rape. See Art. 37.-09, V.A.C.C.P. Accordingly, the indictment in this cause, although alleging aggravated rape only, will nevertheless support a conviction for the offense of rape, if the evidence at trial raised an issue that the appellant, if guilty at all, was guilty only of the lesser included offense. See, Arts. 4.06 and 37.08, V.A.C.C.P.; *Aguilar v. State*, 682 S.W.2d 556 (Tex.Cr.App.1985).

Whether the double jeopardy clauses of the United States and Texas Constitutions or Art. 1.10, V.A.C.C.P. bar retrial of the appellant for a lesser included offense following acquittal of the greater on appeal is a burning issue. See, *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). But it is clear that, at least under some circumstances, these laws prohibit a retrial for the lesser included offense precisely because it is the same offense for purposes of double jeopardy. See, *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 55 L.Ed.2d 187 (1977).

This Court has just acquitted the appellant. It follows that our mandate must proscribe his retrial for the "same offense." Therefore, we must not seem to permit a retrial of the appellant for a lesser included offense of the crime for which we have just acquitted him if the lesser included offense is the "same offense" for purposes of double jeopardy. Moreover, it is fanciful to think that a subsequent conviction for rape would better enable this Court to resolve the double jeopardy issue. Instead, it would likely subject the appellant to serial prosecution and the attendant inconvenience which our double jeopardy laws are intended to prevent. We encourage just such a result by expressly calling the State's attention to the matter in a written opinion.

Since we have affirmed the Court of Appeals, ordering that a judgment of acquittal be entered, I assume that no subsequent prosecution will be attempted under the same indictment. This leaves only the possibility that the State may reindict the appellant for the offense of rape, committed against the same victim, on or about the same date, in the same county, and perhaps by the same manner or means. We decline to say whether the State may do this. But we decline to do so in such a conspicuous manner that we virtually invite the prosecutor to hazard such a manuever. Perhaps we should go on to say that we will not say whether the appellant may be

---

5. We are not called to decide whether the State may try appellant for a lesser included offense.

indicted for any grade of assault or indecent exposure. But if the question is really not in this case, why say anything at all?

To write on the double jeopardy issue in the present context is not tantamount to the rendition of an advisory opinion. Because we have found the evidence insufficient to support conviction, we are obliged to order that a judgment of acquittal be entered. The parties are entitled to know what this means. If there is any question about what it means, we should answer it.

I realize that it is possible to conceptualize a new indictment as a new controversy. But it is not a new controversy if it charges the same offense. The very mention of it in this Court's written opinion demonstrates that it is not.

I realize that, should the appellant be reindicted, he has his special plea of double jeopardy. But the plea is patently inadequate to protect his rights if he is subsequently charged, jailed, made to give an appearance bond, and hailed into a courtroom, let alone tried, convicted, jailed again, and made to give another appearance bond on appeal, while he waits for this Court to reveal the significance of his earlier acquittal.

I realize that the appellant may seek a writ of prohibition to foreclose subsequent prosecution for the same offense if he is reindicted. But the probability of success is slim; that is what special pleas of double jeopardy are for. Even if this Court were to entertain such an application for extraordinary relief, it seems pointless to subject the system to such inefficiency when the issue is part and parcel of a controversy now before us.

Perhaps it will be said that the State might not reindict the appellant at all. This is, of course, true. But we ought not to leave the prosecution without guidance, particularly when the question is clearly on our minds.

I believe that the double jeopardy laws are preventive, not merely remedial. When we perceive that our written opinions leave open the possibility of multiple prosecution or punishment and the record is sufficiently well-developed for a resolution of the issue, we should not hesitate to resolve it. Here, we know who requested a jury instruction on the lesser included offense of rape and who did not. Cf. *Ortega v. State*, 668 S.W.2d 701 (Tex.Cr.App.1983, opinion on original submission). We know which issues were submitted to the jury and which were not. We have evaluated the sufficiency of the evidence in light of the jury charge, just as our case law requires. *Benson v. State*, 661 S.W.2d 708 (Tex.Cr. App.1982). We should either evaluate the double jeopardy issue in the same light or omit mention of it altogether. I dissent to the majority's failure to address these issues.