NO. 07-05-0209-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



APRIL 10, 2006



______________________________


 

DALE CLARK WEBB, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 49,798-D; HONORABLE DON EMERSON, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Dale Clark Webb, appeals from a conviction for the offense of aggravated
robbery and sentence, enhanced by a prior conviction, of 30 years confinement in the
Institutional Division of the Texas Department of Criminal Justice. We affirm.

Factual and Procedural Background


 On September 27, 2004, appellant and his brother, Charles Webb, went to the Toot
'n Totum on Tascosa Road in Amarillo, Texas. Upon arriving, both appellant and Charles
entered the store. Charles pulled a knife, threatened the store attendant, and demanded
the money from the cash register. Appellant approached the counter and shook the cash
register while Charles was demanding the money. Upon getting the money in a sack, both
left the store and got into a vehicle and allegedly drove to another store. Upon leaving the
second store, appellant began driving. 

 A general description of the robbers and the vehicle was broadcast over the police
radio. A vehicle matching the description of the vehicle used in the robbery was spotted
by an Amarillo police officer traveling at an excessive speed. The officer stopped the
vehicle, which was driven by appellant, and questioned all occupants. After questioning,
the officer took appellant and Charles into custody and searched the vehicle. The search
revealed clothing and hats worn by appellant and Charles during the robbery. Appellant
and Charles were arrested and taken back to the store. However, the attendant was
unable to positively identify appellant and Charles as the robbers.

 At appellant's trial, the attendant did positively identify appellant as one of the
robbers. The jury saw a video surveillance tape showing both appellant's and Charles's
actions during the robbery. Charles testified that appellant did not know about the robbery
before it happened. Charles's testimony recanted his previous affidavit, given during his
negotiated plea of guilty, that appellant help to plan the robbery. The jury, having heard
all the testimony, convicted appellant.

 By two issues, appellant contends that the evidence was legally and factually
insufficient to support the verdict. When both legal and factual sufficiency are challenged
by an appellant, the court must conduct a legal sufficiency review first. Clewis v. State, 922
S.W.2d 126, 133 (Tex.Crim.App. 1996). One cannot be convicted of a crime unless it is
shown beyond a reasonable doubt that he committed each element of the alleged offense. 
U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2004);
Tex. Pen. Code Ann. § 2.01 (Vernon 2003). (1)
 

Standard of Review for Legal Sufficiency


 A legal sufficiency review consists of reviewing the evidence in the light most
favorable to the prosecution to determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Burden v. State, 55 S.W.3d 608,
612 (Tex.Crim.App. 2001). This standard is the same in both direct and circumstantial
evidence cases. Burden, 55 S.W.3d at 613. We measure the sufficiency of the evidence
to sustain a conviction against the elements of the offense as defined by a hypothetically
correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). All the
evidence presented to the jury must be considered, whether properly or improperly
admitted, to assess the factual findings from the jury's perspective. See Miles v. State, 918
S.W.2d 511, 512 (Tex.Crim.App. 1996). As an appellate court, we may not sit as a
thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by
more than a "mere modicum" of evidence. See Moreno v. State, 755 S.W.2d 866, 867
(Tex.Crim.App. 1988). We resolve inconsistencies in the evidence in favor of the verdict. 
Curry v. State, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000).

 Before determining whether the evidence is legally sufficient to support appellant's
conviction, we must review the essential elements of the offense the State was required
to prove. Appellant was indicted for the offense of aggravated robbery. A person commits
aggravated robbery when, in the course of committing theft and with intent to obtain and
maintain control of property, he intentionally or knowingly threatens or places another in
fear of imminent bodily injury or death and uses or exhibits a deadly weapon. § 29.02-.03. 
"In the course of committing theft" is defined as conduct occurring during the attempt to
commit, during the commission, or in the immediate flight after the attempt or commission
of theft. § 29.01. 

 Appellant was tried under a parties theory. The Texas Penal Code provides that,
under certain circumstances, a person may be held responsible for the criminal activity of
another. § 7.02. Specifically, the law provides that a person is criminally responsible for
another's conduct if "acting with intent to promote or assist the commission of the offense,
he solicits, encourages, directs, aids or attempts to aid the other person to commit the
offense. § 7.02(a)(2). 

 As appellant was tried under a parties theory, the court's charge contained a
definition of criminal responsibility. Further, the application paragraph charged the jury that
appellant was criminally responsible for Charles's conduct if appellant acted "with intent to
promote or assist the commission of the offense, [and he] solicited, encouraged, directed,
aided or attempted to aid [ ] CHARLES WEBB to commit the offense. . . ." 

Analysis


 The issue before this court is, when viewed in the light most favorable to the
prosecution, could any rational jury have found the elements of the offense, including the
evidence in support of the parties charge, beyond a reasonable doubt. (2) Jackson, 443 U.S.
at 319. There is no question that appellant was present at the scene when the aggravated
robbery was committed. The issue then becomes, does the record contain sufficient
evidence for a rational jury to find that the appellant acted with intent to promote or assist
the commission of an aggravated robbery. See Stephens v. State, 717 S.W.2d 338, 340
(Tex.Crim.App. 1986).

 A review of the record reveals that the jury observed the actions of appellant via
the surveillance video. The video showed (1) appellant coming into the store immediately
behind Charles; (2) Charles threatening the attendant with a knife; (3) appellant
approaching the counter and reaching toward the cash register; (4) appellant going to the
door and holding it open for Charles; and (5) appellant fleeing the scene with Charles. The
attendant testified that appellant shook the cash register while Charles threatened the
attendant with a knife. The attendant further testified that appellant shook the door when
he held it open, an action the attendant viewed as threatening. After leaving the
convenience store, the record reflects that appellant was driving the get away vehicle when
it was stopped and that he had removed the sweatshirt and hat that he could be seen
wearing in the video. When the police initially tried to stop the vehicle, appellant continued
to drive until he entered an apartment complex parking lot. When questioned, appellant
gave what the officer determined to be suspicious answers about where he was headed
and why he chose to stop in the apartment complex parking lot. (3) 

 Finally, the appellant objects to consideration of Charles's affidavit. During his
testimony, Charles recanted his earlier affidavit in which he stated that appellant knew of
and helped plan the robbery. At trial, Charles testified that appellant had no idea a robbery
was going to occur. Charles's affidavit was presented to the jury, therefore, it must be
considered in evaluating the legal sufficiency of the evidence. See Miles, 918 S.W.2d at
512. Appellant's contention that the affidavit must be considered accomplice testimony
and is subject to the requirement of corroboration set forth in Texas Code of Criminal
Procedure article 38.14 is not controlling on this issue. (4) 

 From a review of the record, it cannot be said that no rational jury could have found
the elements of aggravated robbery against appellant beyond a reasonable doubt. 
Therefore, appellant's first issue is overruled. 

Standard of Review for Factual Sufficiency


 When an appellant challenges the factual sufficiency of his conviction, the reviewing
court must ultimately determine whether, considering all the evidence in a neutral light, the
jury was rationally justified in finding defendant guilty beyond a reasonable doubt. See
Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two ways in which
the evidence may be insufficient. First, when considered by itself, evidence supporting the
verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Id. 
Second, considering all of the evidence, both for and against the verdict, the contrary
evidence may be so strong that the beyond-a-reasonable-doubt standard could not have
been met. Id. at 484-85. If we conclude that the evidence was factually sufficient to
support the conviction, we must address appellant's main argument and explain why we
are not persuaded by it. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003)

Analysis


 In addition to the previously mentioned evidence, there was before the jury
testimony concerning a letter from Charles to appellant. The letter stated: (1) "Remember,
the robbery was all my idea"; (2) "I'm sure there's no fingerprints, no weapon found"; (3)
"The clerk did not positively ID us then"; (4) "The tape runs too fast for anybody to see
anything"; and (5) "Remember, you were not wearing the clothes they found in the car." 
Appellant alleges the letter is subject to different interpretations. The State's interpretation
is that Charles is trying to make sure that the appellant sticks to the story that he, appellant,
knew nothing about the robbery before Charles started committing the same. On the other
hand, appellant would urge the court to adopt a meaning that Charles is simply trying to
assuage his brother that he, appellant, did nothing wrong. It was for the jury to make the
determination of who to believe and how to resolve any inconsistencies. See Johnson v.
State, 23 S.W.3d 1, 8 (Tex.Crim.App. 2000). A reviewing court is able to disagree with the
factual determination of a jury, but only in limited circumstances, and the court should be
appropriately deferential to the jury's determination as to the weight of evidence and the
credibility of witnesses. Id. at 7. We cannot say, based upon a neutral review of this
record, that the evidence is so weak that a jury was not rationally justified in finding the
appellant guilty beyond a reasonable doubt. Zuniga, 144 S.W.3d at 484. Neither can we
say that considering all of the evidence, both for and against the verdict, the contrary
evidence is so strong that the beyond-a-reasonable-doubt standard could not have been
met. Id. at 484-85. 

 Having found that the evidence was factually sufficient, we must now address
appellant's main argument and discuss why we are not persuaded by it. Sims, 99 S.W.3d
at 603. Appellant's main argument focuses on inconsistencies and conflicts in the State's
evidence. As pointed out above, it is for the jury to resolve inconsistencies and conflicts
in testimony, especially when based on determinations of credibility made through
observations of the witnesses' demeanor during testimony. See Johnson, 23 S.W.3d at
7-8. That testimony was presented which, if believed, would have allowed the jury to acquit
the appellant does not preclude a jury from convicting appellant based on the jury's
determination of credibility and resolution of conflicting testimony. Therefore, appellant's
argument that the alleged inconsistencies and conflicts in the testimony demonstrates the
factual insufficiency of the evidence is without merit. 

 Having considered all of the evidence in a neutral light we conclude that a rational
jury could have found appellant guilty of aggravated robbery beyond a reasonable doubt. 
Therefore, appellant's second issue is overruled.

Conclusion


 Having overruled appellant's issues, we affirm the trial court's judgment.


 Mackey K. Hancock

 Justice





Do not publish. 
1. Further reference to the Texas Penal Code will be by reference to "§ __". 


2. Appellant's brief appears to posit that there was insufficient evidence for the court
to give a parties charge. However, appellant did not object to the Court's Charge on the
basis that there was insufficient evidence to support submission of a parties charge and
is, therefore, not preserved for appeal. Tex. R. App. P. 33.1(a).
3. Appellant points to inconsistencies in the evidence, however, it should be
remembered that inconsistencies are resolved in favor of the verdict. Curry, 30 S.W.3d at
406.
4. Even if we consider appellant's contention, it is incorrect because the requirement
for corroboration of accomplice testimony does not apply to an out-of-court affidavit of the
accomplice. See Bingham v. State, 913 S.W.2d 208, 210 (Tex.Crim.App. 1995).