NO. 07-05-0209-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 10, 2006

_____

DALE CLARK WEBB, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 49,798-D; HONORABLE DON EMERSON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Dale Clark Webb, appeals from a conviction for the offense of aggravated robbery and sentence, enhanced by a prior conviction, of 30 years confinement in the Institutional Division of the Texas Department of Criminal Justice.  We affirm.

Factual and Procedural Background

On September 27, 2004, appellant and his brother, Charles Webb, went to the Toot 'n Totum on Tascosa Road in Amarillo, Texas.  Upon arriving, both appellant and Charles

entered the store. Charles pulled a knife, threatened the store attendant, and demanded the money from the cash register. Appellant approached the counter and shook the cash register while Charles was demanding the money. Upon getting the money in a sack, both left the store and got into a vehicle and allegedly drove to another store. Upon leaving the second store, appellant began driving.

A general description of the robbers and the vehicle was broadcast over the police radio. A vehicle matching the description of the vehicle used in the robbery was spotted by an Amarillo police officer traveling at an excessive speed. The officer stopped the vehicle, which was driven by appellant, and questioned all occupants. After questioning, the officer took appellant and Charles into custody and searched the vehicle. The search revealed clothing and hats worn by appellant and Charles during the robbery. Appellant and Charles were arrested and taken back to the store. However, the attendant was unable to positively identify appellant and Charles as the robbers.

At appellant's trial, the attendant did positively identify appellant as one of the robbers. The jury saw a video surveillance tape showing both appellant's and Charles's actions during the robbery. Charles testified that appellant did not know about the robbery before it happened. Charles's testimony recanted his previous affidavit, given during his negotiated plea of guilty, that appellant help to plan the robbery. The jury, having heard all the testimony, convicted appellant.

By two issues, appellant contends that the evidence was legally and factually insufficient to support the verdict. When both legal and factual sufficiency are challenged

2

by an appellant, the court must conduct a legal sufficiency review first. <u>Clewis v. State</u>, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). One cannot be convicted of a crime unless it is shown beyond a reasonable doubt that he committed each element of the alleged offense. U.S. CONST. amend. XIV; TEX. CODE CRIM. PROC. ANN. art. 38.03 (Vernon Supp. 2004); TEX. PEN. CODE ANN. § 2.01 (Vernon 2003).[1]

Standard of Review for Legal Sufficiency

A legal sufficiency review consists of reviewing the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); <u>Burden v. State</u>, 55 S.W.3d 608, 612 (Tex.Crim.App. 2001). This standard is the same in both direct and circumstantial evidence cases. <u>Burden</u>, 55 S.W.3d at 613. We measure the sufficiency of the evidence to sustain a conviction against the elements of the offense as defined by a hypothetically correct jury charge. <u>Malik v. State</u>, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). All the evidence presented to the jury must be considered, whether properly or improperly admitted, to assess the factual findings from the jury's perspective. <u>See</u> <u>Miles v. State</u>, 918 S.W.2d 511, 512 (Tex.Crim.App. 1996). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a "mere modicum" of evidence. <u>See</u> <u>Moreno v. State</u>, 755 S.W.2d 866, 867

---

[1]Further reference to the Texas Penal Code will be by reference to "§ __".

(Tex.Crim.App. 1988). We resolve inconsistencies in the evidence in favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000).

Before determining whether the evidence is legally sufficient to support appellant's conviction, we must review the essential elements of the offense the State was required to prove. Appellant was indicted for the offense of aggravated robbery. A person commits aggravated robbery when, in the course of committing theft and with intent to obtain and maintain control of property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death and uses or exhibits a deadly weapon. § 29.02-.03. "In the course of committing theft" is defined as conduct occurring during the attempt to commit, during the commission, or in the immediate flight after the attempt or commission of theft. § 29.01.

Appellant was tried under a parties theory. The Texas Penal Code provides that, under certain circumstances, a person may be held responsible for the criminal activity of another. § 7.02. Specifically, the law provides that a person is criminally responsible for another's conduct if "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense. § 7.02(a)(2).

As appellant was tried under a parties theory, the court's charge contained a definition of criminal responsibility. Further, the application paragraph charged the jury that appellant was criminally responsible for Charles's conduct if appellant acted "with intent to

4

promote or assist the commission of the offense, [and he] solicited, encouraged, directed, aided or attempted to aid [ ] CHARLES WEBB to commit the offense. . . ."

Analysis

The issue before this court is, when viewed in the light most favorable to the prosecution, could any rational jury have found the elements of the offense, including the evidence in support of the parties charge, beyond a reasonable doubt.[2] Jackson, 443 U.S. at 319. There is no question that appellant was present at the scene when the aggravated robbery was committed. The issue then becomes, does the record contain sufficient evidence for a rational jury to find that the appellant acted with intent to promote or assist the commission of an aggravated robbery. See Stephens v. State, 717 S.W.2d 338, 340 (Tex.Crim.App. 1986).

A review of the record reveals that the jury observed the actions of appellant via the surveillance video. The video showed (1) appellant coming into the store immediately behind Charles; (2) Charles threatening the attendant with a knife; (3) appellant approaching the counter and reaching toward the cash register; (4) appellant going to the door and holding it open for Charles; and (5) appellant fleeing the scene with Charles. The attendant testified that appellant shook the cash register while Charles threatened the attendant with a knife. The attendant further testified that appellant shook the door when

_____

[2] Appellant's brief appears to posit that there was insufficient evidence for the court to give a parties charge. However, appellant did not object to the Court's Charge on the basis that there was insufficient evidence to support submission of a parties charge and is, therefore, not preserved for appeal. TEX. R. APP. P. 33.1(a).

5

he held it open, an action the attendant viewed as threatening. After leaving the convenience store, the record reflects that appellant was driving the get away vehicle when it was stopped and that he had removed the sweatshirt and hat that he could be seen wearing in the video. When the police initially tried to stop the vehicle, appellant continued to drive until he entered an apartment complex parking lot. When questioned, appellant gave what the officer determined to be suspicious answers about where he was headed and why he chose to stop in the apartment complex parking lot.[3]

Finally, the appellant objects to consideration of Charles's affidavit. During his testimony, Charles recanted his earlier affidavit in which he stated that appellant knew of and helped plan the robbery. At trial, Charles testified that appellant had no idea a robbery was going to occur. Charles's affidavit was presented to the jury, therefore, it must be considered in evaluating the legal sufficiency of the evidence. See Miles, 918 S.W.2d at 512. Appellant's contention that the affidavit must be considered accomplice testimony and is subject to the requirement of corroboration set forth in Texas Code of Criminal Procedure article 38.14 is not controlling on this issue.[4]

---

[3] Appellant points to inconsistencies in the evidence, however, it should be remembered that inconsistencies are resolved in favor of the verdict. Curry, 30 S.W.3d at 406.

[4] Even if we consider appellant's contention, it is incorrect because the requirement for corroboration of accomplice testimony does not apply to an out-of-court affidavit of the accomplice. See Bingham v. State, 913 S.W.2d 208, 210 (Tex.Crim.App. 1995).

6

From a review of the record, it cannot be said that no rational jury could have found the elements of aggravated robbery against appellant beyond a reasonable doubt. Therefore, appellant's first issue is overruled.

## Standard of Review for Factual Sufficiency

When an appellant challenges the factual sufficiency of his conviction, the reviewing court must ultimately determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding defendant guilty beyond a reasonable doubt. See Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two ways in which the evidence may be insufficient. First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Id. Second, considering all of the evidence, both for and against the verdict, the contrary evidence may be so strong that the beyond-a-reasonable-doubt standard could not have been met. Id. at 484-85. If we conclude that the evidence was factually sufficient to support the conviction, we must address appellant's main argument and explain why we are not persuaded by it. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003)

## Analysis

In addition to the previously mentioned evidence, there was before the jury testimony concerning a letter from Charles to appellant. The letter stated: (1) "Remember, the robbery was all my idea"; (2) "I'm sure there's no fingerprints, no weapon found"; (3) "The clerk did not positively ID us then"; (4) "The tape runs too fast for anybody to see anything"; and (5) "Remember, you were not wearing the clothes they found in the car."

7

Appellant alleges the letter is subject to different interpretations. The State's interpretation is that Charles is trying to make sure that the appellant sticks to the story that he, appellant, knew nothing about the robbery before Charles started committing the same. On the other hand, appellant would urge the court to adopt a meaning that Charles is simply trying to assuage his brother that he, appellant, did nothing wrong. It was for the jury to make the determination of who to believe and how to resolve any inconsistencies. See Johnson v. State, 23 S.W.3d 1, 8 (Tex.Crim.App. 2000). A reviewing court is able to disagree with the factual determination of a jury, but only in limited circumstances, and the court should be appropriately deferential to the jury's determination as to the weight of evidence and the credibility of witnesses. Id. at 7. We cannot say, based upon a neutral review of this record, that the evidence is so weak that a jury was not rationally justified in finding the appellant guilty beyond a reasonable doubt. Zuniga, 144 S.W.3d at 484. Neither can we say that considering all of the evidence, both for and against the verdict, the contrary evidence is so strong that the beyond-a-reasonable-doubt standard could not have been met. Id. at 484-85.

Having found that the evidence was factually sufficient, we must now address appellant's main argument and discuss why we are not persuaded by it. Sims, 99 S.W.3d at 603. Appellant's main argument focuses on inconsistencies and conflicts in the State's evidence. As pointed out above, it is for the jury to resolve inconsistencies and conflicts in testimony, especially when based on determinations of credibility made through observations of the witnesses' demeanor during testimony. See Johnson, 23 S.W.3d at 7-8. That testimony was presented which, if believed, would have allowed the jury to acquit

8

the appellant does not preclude a jury from convicting appellant based on the jury's determination of credibility and resolution of conflicting testimony. Therefore, appellant's argument that the alleged inconsistencies and conflicts in the testimony demonstrates the factual insufficiency of the evidence is without merit.

Having considered all of the evidence in a neutral light we conclude that a rational jury could have found appellant guilty of aggravated robbery beyond a reasonable doubt. Therefore, appellant's second issue is overruled.

## Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.

Mackey K. Hancock
Justice

Do not publish.