NO. 07-08-0125-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 13, 2008
______________________________

IN THE INTEREST OF M.A.A., A CHILD 
_________________________________

FROM THE 72ND DISTRICT COURT OF CROSBY COUNTY;

NO. 6942; HONORABLE KEVIN HART, JUDGE
_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ORDER
          On May 5, 2008, this Court received a Court Reporter’s Request for Extension of
Time to File Reporter’s Record in the above-identified appellate cause. This request,
which was not filed until after the April 14, 2008 deadline for the filing of the reporter’s
record had already passed, explained that appellant had not paid or made arrangements
to pay for the record and stated that the reporter had been informed by the trial court that
appellant had not established indigence for appeal purposes. However, appellant timely
filed a Declaration of Inability to Pay Costs, which is contained within the clerk’s record. 
The trial court, in its Order for Appointment of Counsel for Appeal, stated that, “The claim
of Respondent, TONY SARINANA, for indigence is GRANTED . . . .” 
          Further, the clerk’s record does not contain a contest of appellant’s affidavit. Unless
a contest to an affidavit of indigence is timely filed, the allegations made by the affidavit will
be deemed true and the party will be allowed to proceed without advance payment of
costs. Tex. R. App. P. 20.1(f). 
          Accordingly, we order Vicki Laing, deputy court reporter for the 72nd District Court
of Crosby County to transcribe and file with the Clerk of this Court a reporter’s record as
required by the Texas Rules of Appellate Procedure and encompassing trial court cause
number 6,942. The record shall include all argument, evidence, and exhibits presented
to the court during trial, as well as any pretrial and post-trial hearings conducted in said
cause. We further order Vicki Laing to file the reporter’s record in a manner by which it will
be actually received by the Clerk of this Court on or before 5:00 p.m. on June 2, 2008.
          Failure to file the reporter’s record as directed by this Court’s order may result in one
or more of the following:
(1) a hearing requiring Vicki Laing to show cause why she should not be held 
 in contempt;

(2) a complaint to the Court Reporter’s Certification Board;

(3) appropriate sanctions; or

(4) abatement to the trial court for appropriate action.

 

          It is so ordered.

 

                                                                           Per Curiam

 As appellant was tried under a parties theory, the court's charge contained a
definition of criminal responsibility. Further, the application paragraph charged the jury that
appellant was criminally responsible for Charles's conduct if appellant acted "with intent to
promote or assist the commission of the offense, [and he] solicited, encouraged, directed,
aided or attempted to aid [ ] CHARLES WEBB to commit the offense. . . ." 

Analysis

 The issue before this court is, when viewed in the light most favorable to the
prosecution, could any rational jury have found the elements of the offense, including the
evidence in support of the parties charge, beyond a reasonable doubt. (2) Jackson, 443 U.S.
at 319. There is no question that appellant was present at the scene when the aggravated
robbery was committed. The issue then becomes, does the record contain sufficient
evidence for a rational jury to find that the appellant acted with intent to promote or assist
the commission of an aggravated robbery. See Stephens v. State, 717 S.W.2d 338, 340
(Tex.Crim.App. 1986).

 A review of the record reveals that the jury observed the actions of appellant via
the surveillance video. The video showed (1) appellant coming into the store immediately
behind Charles; (2) Charles threatening the attendant with a knife; (3) appellant
approaching the counter and reaching toward the cash register; (4) appellant going to the
door and holding it open for Charles; and (5) appellant fleeing the scene with Charles. The
attendant testified that appellant shook the cash register while Charles threatened the
attendant with a knife. The attendant further testified that appellant shook the door when
he held it open, an action the attendant viewed as threatening. After leaving the
convenience store, the record reflects that appellant was driving the get away vehicle when
it was stopped and that he had removed the sweatshirt and hat that he could be seen
wearing in the video. When the police initially tried to stop the vehicle, appellant continued
to drive until he entered an apartment complex parking lot. When questioned, appellant
gave what the officer determined to be suspicious answers about where he was headed
and why he chose to stop in the apartment complex parking lot. (3) 

 Finally, the appellant objects to consideration of Charles's affidavit. During his
testimony, Charles recanted his earlier affidavit in which he stated that appellant knew of
and helped plan the robbery. At trial, Charles testified that appellant had no idea a robbery
was going to occur. Charles's affidavit was presented to the jury, therefore, it must be
considered in evaluating the legal sufficiency of the evidence. See Miles, 918 S.W.2d at
512. Appellant's contention that the affidavit must be considered accomplice testimony
and is subject to the requirement of corroboration set forth in Texas Code of Criminal
Procedure article 38.14 is not controlling on this issue. (4) 

 From a review of the record, it cannot be said that no rational jury could have found
the elements of aggravated robbery against appellant beyond a reasonable doubt. 
Therefore, appellant's first issue is overruled. 

Standard of Review for Factual Sufficiency

 When an appellant challenges the factual sufficiency of his conviction, the reviewing
court must ultimately determine whether, considering all the evidence in a neutral light, the
jury was rationally justified in finding defendant guilty beyond a reasonable doubt. See
Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two ways in which
the evidence may be insufficient. First, when considered by itself, evidence supporting the
verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Id. 
Second, considering all of the evidence, both for and against the verdict, the contrary
evidence may be so strong that the beyond-a-reasonable-doubt standard could not have
been met. Id. at 484-85. If we conclude that the evidence was factually sufficient to
support the conviction, we must address appellant's main argument and explain why we
are not persuaded by it. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003)

Analysis

 In addition to the previously mentioned evidence, there was before the jury
testimony concerning a letter from Charles to appellant. The letter stated: (1) "Remember,
the robbery was all my idea"; (2) "I'm sure there's no fingerprints, no weapon found"; (3)
"The clerk did not positively ID us then"; (4) "The tape runs too fast for anybody to see
anything"; and (5) "Remember, you were not wearing the clothes they found in the car." 
Appellant alleges the letter is subject to different interpretations. The State's interpretation
is that Charles is trying to make sure that the appellant sticks to the story that he, appellant,
knew nothing about the robbery before Charles started committing the same. On the other
hand, appellant would urge the court to adopt a meaning that Charles is simply trying to
assuage his brother that he, appellant, did nothing wrong. It was for the jury to make the
determination of who to believe and how to resolve any inconsistencies. See Johnson v.
State, 23 S.W.3d 1, 8 (Tex.Crim.App. 2000). A reviewing court is able to disagree with the
factual determination of a jury, but only in limited circumstances, and the court should be
appropriately deferential to the jury's determination as to the weight of evidence and the
credibility of witnesses. Id. at 7. We cannot say, based upon a neutral review of this
record, that the evidence is so weak that a jury was not rationally justified in finding the
appellant guilty beyond a reasonable doubt. Zuniga, 144 S.W.3d at 484. Neither can we
say that considering all of the evidence, both for and against the verdict, the contrary
evidence is so strong that the beyond-a-reasonable-doubt standard could not have been
met. Id. at 484-85. 

 Having found that the evidence was factually sufficient, we must now address
appellant's main argument and discuss why we are not persuaded by it. Sims, 99 S.W.3d
at 603. Appellant's main argument focuses on inconsistencies and conflicts in the State's
evidence. As pointed out above, it is for the jury to resolve inconsistencies and conflicts
in testimony, especially when based on determinations of credibility made through
observations of the witnesses' demeanor during testimony. See Johnson, 23 S.W.3d at
7-8. That testimony was presented which, if believed, would have allowed the jury to acquit
the appellant does not preclude a jury from convicting appellant based on the jury's
determination of credibility and resolution of conflicting testimony. Therefore, appellant's
argument that the alleged inconsistencies and conflicts in the testimony demonstrates the
factual insufficiency of the evidence is without merit. 

 Having considered all of the evidence in a neutral light we conclude that a rational
jury could have found appellant guilty of aggravated robbery beyond a reasonable doubt. 
Therefore, appellant's second issue is overruled.

Conclusion

 Having overruled appellant's issues, we affirm the trial court's judgment.

 Mackey K. Hancock

 Justice

Do not publish. 
1. Further reference to the Texas Penal Code will be by reference to " __". 

2. Appellant's brief appears to posit that there was insufficient evidence for the court
to give a parties charge. However, appellant did not object to the Court's Charge on the
basis that there was insufficient evidence to support submission of a parties charge and
is, therefore, not preserved for appeal. Tex. R. App. P. 33.1(a).
3. Appellant points to inconsistencies in the evidence, however, it should be
remembered that inconsistencies are resolved in favor of the verdict. Curry, 30 S.W.3d at
406.
4. Even if we consider appellant's contention, it is incorrect because the requirement
for corroboration of accomplice testimony does not apply to an out-of-court affidavit of the
accomplice. See Bingham v. State, 913 S.W.2d 208, 210 (Tex.Crim.App. 1995).