WARREN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-225-CR

MARQUIS JERMAINE WARREN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Marquis Jermaine Warren appeals his conviction for aggravated robbery with a deadly weapon.  In a sole point, appellant challenges the legal sufficiency of the evidence to support his conviction.  We affirm.

On the evening of November 11, 2002, appellant drove Stanley Perkins to an Arlington convenience store.  Upon their arrival, appellant parked his car on the street next to the store and stayed in the car while Perkins went inside the store.  Perkins entered the store wearing a hooded sweatshirt and a bandana over his face.  When the store’s owner, Shakil Ali, looked up from the aisle where he was stocking shelves, he saw that Perkins was holding a gun. Perkins demanded money from the cash register.  Shakil initially refused to comply.  Perkins then grabbed customer Ashlee Stockin, pointed the gun at her, and repeated his demand.  At that point, Shakil gave Perkins two or three hundred dollars from the cash register.  After he received the money, Perkins released Stockin, exited the store, and returned to the car in which appellant was waiting. 

Shakil’s brother, Zubair Ali, chased appellant and Perkins in his minivan. When appellant realized that Zubair was following them, he tried to lose him by speeding through a residential neighborhood.   After a few minutes, Sergeant Molina intercepted the chase, pulled over appellant, and called for backup. When the other officers arrived, they arrested appellant and Perkins and searched appellant’s vehicle.  The search revealed a .9 millimeter handgun in the glove box, the stolen money, and the sweatshirt and bandana that Perkins had worn during the robbery.  When Officer Skarbek, one of the back-up officers, asked appellant about the gun, he told him that it belonged to his girlfriend Tonya Ferguson. 

The State charged appellant by indictment with aggravated robbery.  At trial, the Ali brothers, Stockin, Sergeant Molina, and Officer Skarbek testified about the foregoing events.  In addition, the State introduced still photographs from the convenience store’s security camera that clearly showed Perkins wielding a gun during the robbery. 

Appellant’s trial counsel called Ferguson to testify that Perkins had spent time at her apartment and knew where she kept her gun.  Ferguson also testified that she bought the gun in the summer of 2002, when she was living with appellant, and that she kept it in her coat closet.  On cross-examination, the State’s prosecutor asked Ferguson if she was “trying to tell this jury that Stanley Perkins stole the gun” from her, to which she replied, “No.”  Ferguson also admitted that she and appellant had argued about bills the day before the robbery. 

After being instructed on the law of parties, the jury found appellant guilty of the charged offense.  The trial court sentenced appellant to twenty-three years’ incarceration.

In his sole point, appellant contends that the evidence was legally insufficient to support his conviction because there was no evidence that he knew that Perkins would use or exhibit a deadly weapon during the robbery. In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. 
 Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The standard for review is the same for direct and circumstantial evidence cases.  
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999); 
Wooden v. State
, 101 S.W.3d 542, 546 (Tex. App.—Fort Worth 2003, pet. ref’d).

A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.  
Tex. Penal Code Ann. 
§ 29.02(a)(2) (Vernon 2003).  The robbery is aggravated if a deadly weapon is used or exhibited during the commission of the offense
.  Id
. 
§ 29.03(a)(2).  A firearm is, per se, a deadly weapon. 
 Id.
 § 1.07(a)(17)(A) (Vernon Supp. 2004-05).

In order to convict appellant as a party to aggravated robbery, the State had to prove that he was criminally responsible for Perkins’s use or exhibition of the gun during the offense.  
See Stephens v. State
, 717 S.W.2d 338, 340 (Tex. Crim. App. 1986); 
Wooden, 
101 S.W.3d at 547-48 (both holding that, in order to convict a defendant as a party to an aggravated offense, the State must prove that the defendant was criminally responsible for the aggravating element).  A person is criminally responsible for the conduct of another if, "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." 
 Tex. Penal Code Ann
. § 7.02(a)(2) (Vernon 2003); 
Wooden
, 101 S.W.3d at 546.  In determining whether an accused bears criminal responsibility for an offense, the court may look to events before, during, and after the commission of the offense. 
 Beardsley v. State
, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987).

Appellant’s criminal responsibility for Perkins’s use of the gun during the robbery is supported by the following facts.  First, the weapon used by Perkins during the commission of the offense belonged to appellant’s girlfriend, Ferguson.  Second, Ferguson kept the gun in a closet in the apartment that she shared with appellant.  And third, appellant told Officer Skarbek that the gun belonged to Ferguson when he was apprehended.  From these facts, a rational jury could infer that appellant intended to assist with the robbery by giving Ferguson’s gun to Perkins for him to use during the robbery.  
See
 
Conner v. State
, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001) (holding that “a conclusion of guilt can rest on the combined and cumulative force of all incriminating circumstances”); 
Beardsley
,
 
738 S.W.2d at 684 (holding that circumstantial evidence may be sufficient to show that an accused is a party to an offense).  Therefore, we hold that the evidence was legally sufficient to support appellant’s conviction.  Accordingly, we overrule appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 August 18, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.