COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-04-225-CR


MARQUIS JERMAINE WARREN                                               APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION [1]

------------
        Appellant Marquis Jermaine Warren appeals his conviction for aggravated
robbery with a deadly weapon. In a sole point, appellant challenges the legal
sufficiency of the evidence to support his conviction. We affirm.
        On the evening of November 11, 2002, appellant drove Stanley Perkins
to an Arlington convenience store. Upon their arrival, appellant parked his car
on the street next to the store and stayed in the car while Perkins went inside
the store. Perkins entered the store wearing a hooded sweatshirt and a
bandana over his face. When the store’s owner, Shakil Ali, looked up from the
aisle where he was stocking shelves, he saw that Perkins was holding a gun.
        Perkins demanded money from the cash register. Shakil initially refused
to comply. Perkins then grabbed customer Ashlee Stockin, pointed the gun at
her, and repeated his demand. At that point, Shakil gave Perkins two or three
hundred dollars from the cash register. After he received the money, Perkins
released Stockin, exited the store, and returned to the car in which appellant
was waiting.
        Shakil’s brother, Zubair Ali, chased appellant and Perkins in his minivan. 
When appellant realized that Zubair was following them, he tried to lose him by
speeding through a residential neighborhood. After a few minutes, Sergeant
Molina intercepted the chase, pulled over appellant, and called for backup.
        When the other officers arrived, they arrested appellant and Perkins and
searched appellant’s vehicle. The search revealed a .9 millimeter handgun in
the glove box, the stolen money, and the sweatshirt and bandana that Perkins
had worn during the robbery. When Officer Skarbek, one of the back-up
officers, asked appellant about the gun, he told him that it belonged to his
girlfriend Tonya Ferguson.
        The State charged appellant by indictment with aggravated robbery. At
trial, the Ali brothers, Stockin, Sergeant Molina, and Officer Skarbek testified
about the foregoing events. In addition, the State introduced still photographs
from the convenience store’s security camera that clearly showed Perkins
wielding a gun during the robbery.
        Appellant’s trial counsel called Ferguson to testify that Perkins had spent
time at her apartment and knew where she kept her gun. Ferguson also
testified that she bought the gun in the summer of 2002, when she was living
with appellant, and that she kept it in her coat closet. On cross-examination,
the State’s prosecutor asked Ferguson if she was “trying to tell this jury that
Stanley Perkins stole the gun” from her, to which she replied, “No.” Ferguson
also admitted that she and appellant had argued about bills the day before the
robbery.
        After being instructed on the law of parties, the jury found appellant
guilty of the charged offense. The trial court sentenced appellant to twenty-three years’ incarceration.
        In his sole point, appellant contends that the evidence was legally
insufficient to support his conviction because there was no evidence that he
knew that Perkins would use or exhibit a deadly weapon during the robbery.
        In reviewing the legal sufficiency of the evidence to support a conviction,
we view all the evidence in the light most favorable to the verdict in order to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 618,
620 (Tex. Crim. App. 2004). This standard gives full play to the responsibility
of the trier of fact to resolve conflicts in the testimony, to weigh the evidence,
and to draw reasonable inferences from basic facts to ultimate facts. Jackson,
443 U.S. at 319, 99 S. Ct. at 2789. The standard for review is the same for
direct and circumstantial evidence cases. Kutzner v. State, 994 S.W.2d 180,
184 (Tex. Crim. App. 1999); Wooden v. State, 101 S.W.3d 542, 546 (Tex.
App.—Fort Worth 2003, pet. ref’d).
        A person commits robbery if, in the course of committing theft and with
intent to obtain or maintain control of property, he intentionally or knowingly
threatens or places another in fear of imminent bodily injury or death. Tex.
Penal Code Ann. § 29.02(a)(2) (Vernon 2003). The robbery is aggravated if a
deadly weapon is used or exhibited during the commission of the offense. Id.
§ 29.03(a)(2). A firearm is, per se, a deadly weapon. Id. § 1.07(a)(17)(A)
(Vernon Supp. 2004-05).
        In order to convict appellant as a party to aggravated robbery, the State
had to prove that he was criminally responsible for Perkins’s use or exhibition
of the gun during the offense. See Stephens v. State, 717 S.W.2d 338, 340
(Tex. Crim. App. 1986); Wooden, 101 S.W.3d at 547-48 (both holding that,
in order to convict a defendant as a party to an aggravated offense, the State
must prove that the defendant was criminally responsible for the aggravating
element). A person is criminally responsible for the conduct of another if,
"acting with intent to promote or assist the commission of the offense, he
solicits, encourages, directs, aids, or attempts to aid the other person to
commit the offense." Tex. Penal Code Ann. § 7.02(a)(2) (Vernon 2003);
Wooden, 101 S.W.3d at 546. In determining whether an accused bears
criminal responsibility for an offense, the court may look to events before,
during, and after the commission of the offense. Beardsley v. State, 738
S.W.2d 681, 684 (Tex. Crim. App. 1987).
        Appellant’s criminal responsibility for Perkins’s use of the gun during the
robbery is supported by the following facts. First, the weapon used by Perkins
during the commission of the offense belonged to appellant’s girlfriend,
Ferguson. Second, Ferguson kept the gun in a closet in the apartment that she
shared with appellant. And third, appellant told Officer Skarbek that the gun
belonged to Ferguson when he was apprehended. From these facts, a rational
jury could infer that appellant intended to assist with the robbery by giving
Ferguson’s gun to Perkins for him to use during the robbery. See Conner v.
State, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001) (holding that “a conclusion
of guilt can rest on the combined and cumulative force of all incriminating
circumstances”); Beardsley, 738 S.W.2d at 684 (holding that circumstantial
evidence may be sufficient to show that an accused is a party to an offense). 
Therefore, we hold that the evidence was legally sufficient to support
appellant’s conviction. Accordingly, we overrule appellant’s sole point and
affirm the trial court’s judgment.
 
                                                                  PER CURIAM


PANEL A:   CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 18, 2005
 
NOTES
1. See Tex. R. App. P. 47.4.