ACCEPTED
01-14-00722-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/30/2015 12:00:00 AM
CHRISTOPHER PRINE
CLERK

NO. 01-14-00722-CR

IN THE COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/30/2015 11:19:00 AM
CHRISTOPHER A. PRINE
Clerk

FOR FIRST SUPREME JUDICIAL DISTRICT

HOUSTON, TEXAS

....................................................................................................................

THANH KIM HOANG        *      APPELLANT

VS.                          *

THE STATE OF TEXAS        *      APPELLEE

....................................................................................................................

TRIAL COURT NO. 1384675

IN THE 209TH JUDICIAL DISTRICT COURT

OF HARRIS COUNTY, TEXAS

....................................................................................................................

BRIEF FOR APPELLANT

....................................................................................................................

Charles Hinton
P.O. Box 53719
Houston, Texas 77052-3719
chashinton@sbcglobal.net
SBOT #09709800
Attorney for Appellant

# TABLE OF CONTENTS

Page:

Identity of Parties and Counsel i

List of Authorities ii, iii

Statement of the Case 1

Point for Review Number One 1

> **APPELLANT SUFFERED EGREGIOUS HARM AS A RESULT OF THE TRIAL COURT'S UNOBJECTED TO BUT ERRONEOUS JURY CHARGE INSTRUCTION THAT MISINFORMED THE JURY AS TO WHICH SPECIFIC OFFENSE THE STATE HAD TO PROVE APPELLANT ACTED WITH THE INTENT TO PROMOTE OR ASSIST THE COMMISSION OF BEFORE HE COULD BE FOUND CRIMIN-ALLY RESPONSIBLE AS A PARTY TO THE CHARGED OFFENSE OF CAPITAL MURDER PURSUANT TO TEX. PENAL CODE SEC. 7.02(a)(2) (CR: I: 101).**

Statement of the Facts 1

Summary of the Argument 6

Argument 8

Prayer for Relief 22

Certificate of Compliance 23

Certificate of Service 23

## IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| Judge | Honorable Wayne Mallia |
| Complainant | Mr. Tuan Tu |
| Trial Prosecutors | Mr. Nathan Moss<br>SBOT #24051091 |
| | Mr. David Bernard<br>SBOT #24076272 |
| Defense Counsel | Mr. Kurt B. Wentz<br>SBOT #21179300 |
| Appellant | Mr. Thanh Kim Hoang |
| Appellant's Counsel | Mr. Charles Hinton<br>SBOT #09709800 |
| Appellee's Counsel: | Mss. Devon Anderson<br>District Attorney |

# LIST OF AUTHORITIES

Cases:                                                                      Page:

**Almanza v. State**,
686 S.W.2d 157 (Tex. Crim. App. 1985, op. on reh'g)                         16

**Delgado v. State**,
235 S.W.3d 244 (Tex. Crim. App. 2007)                                       14

**Gray v. State**,
152 S.W.3d 125 (Tex. Crim. App. 2004)                                       16

**Green v. State**,
233 S.W.3d 72 (Tex. App. -- Houston [14th Dist.] 2007)                      21

**Guevara v. State**,
191 S.W.3d 203 (Tex. App. -- San Antonio 2005, PDRR)                        15

**Plata v. State**,
926 S.W.2d 300 (Tex. Crim. App. 1996)                                       14

**Ransom v. State**,
920 S.W.2d 288 (Tex. Crim. App. 1994)                                       13

**Robinson v. State**,
266 S.W.3d 8 (Tex. App. -- Houston [1st Dist.] 2008, PDRR)                  22

**Stephens v. State**,
717 S.W.2d 338 (Tex. Crim. App. 1986)                                       13

**Vega v. State**,
394 S.W.3d 514 (Tex. Crim. App. 2013)                                       14

# LIST OF AUTHORITIES (cont'd)

Cases:                                                          Page:

**Wooden v. State**,
101 S.W.3d 542 (Tex. App. -- Fort Worth 2003, PDRR)            13

Statutes:

Tex. Penal Code sec. 7.01(a)                                   6, 9, 22

Tex. Penal Code sec. 7.02(a)(2)                                1, 7-19, 21,
                                                               22

Tex. Penal Code sec. 7.02(b)                                   7, 9, 22

Tex. Penal Code sec. 19.02                                     8

Tex. Penal Code sec. 19.03(a)(2)                               8, 10

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS

FOR THE FIRST SUPREME JUDICIAL DISTRICT:

Comes now, appellant Thanh Kim Hoang, and submits this brief pursuant to TEX. R. APP. PROC. 38.1.

## STATEMENT OF THE CASE

On August 21, 2014, a jury found appellant guilty of capital murder and the trial court assessed punishment at life in prison. Appellant gave timely notice of appeal (RR 5: 37, 40).

## POINT FOR REVIEW NUMBER ONE

**APPELLANT SUFFERED EGREGIOUS HARM AS A RESULT OF THE TRIAL COURT'S UNOBJECTED TO BUT ERRONEOUS JURY CHARGE INSTRUCTION THAT MISINFORMED THE JURY AS TO WHICH SPECIFIC OFFENSE THE STATE HAD TO PROVE APPELLANT ACTED WITH THE INTENT TO PROMOTE OR ASSIST THE COMMISSION OF BEFORE HE COULD BE FOUND CRIMINALLY RESPONSIBLE AS A PARTY TO THE CHARGED OFFENSE OF CAPITAL MURDER PURSUANT TO TEX. PENAL CODE SEC. 7.02(a)(2) (CR 1: 101).**

## STATEMENT OF THE FACTS

Harris County Sheriff Officer Brandon Kizzee, while working patrol on February 8, 2013, responded to a call at 8244 Antoine Drive, the Cafe Chieu (RR 3: 22-24, 26). Upon entering, he observed a male face down in a puddle of blood

1

next to a pool table (RR 3: 27). He observed the barrel of a handgun underneath the male's body (RR 3: 28). He noticed bullet holes in the wall and several shell casings on the floor (RR 3: 29).

Crime Scene Investigator Officer Gary Pedoto made the homicide scene. He observed Officer Ortiz collect glasses and cigarette butts from the cafe (RR 3: 37-39). A pair of sunglasses were found which contained Mr. Vu Bui's fingerprint (RR 3: 41, 105).

Sergeant investigator James Dousay of the Homicide Division took buccal swabs from appellant and turned them into the Harris County Medical Examiner's Office (RR 3: 49-50, 54).

Sergeant Francisco Garcia of the Homicide Division (RR 3: 57) saw numerous fired cartridges at the scene. He also saw the deceased complainant's revolver (RR 3: 66). There were 5 fired cartridges in the revolver (RR 3: 67). He found video surveillance and located witnesses. A cell phone left by the shooter suspect Mr. Vu Bui was found and swabbed for DNA (RR 3: 69-70, 100).

Witnesses Johnny Le and Nghiep Le picked Mr. Vu Bui out of a photo array and indicated that he was the person who shot the complaining witness (RR 3: 77-78, 104). However, Mr. Bui was never found (RR 3: 78). A photo array containing

2

appellant's photo was created. Mr. Nghiep made a "strong tentative" identification of the appellant (RR 3: 83). Mr. Johnny Le was unable to identify anyone in the photo array. A buccal swab was obtained from appellant and charges were filed against him (RR 3: 85).

The ballistics evidence collected from the game room was turned over to the lab (RR 3: 99).

There was a plaza mall on Antoine nearby to where Lawrence Ontiveros lived at 8603 Enchanted Forest (RR 3: 112). He saw 2 Asian men, running away from the mall, jump into what looked like a brown Toyota Camry (RR 3: 114, 117-118). About 10 minutes later, he heard police sirens and, subsequently, a lot of police officers arrived in the area (RR 3: 118). He didn't see any blood droplets in the street or on the sidewalk where the men had been running (RR 3: 120).

On February 8, 2013, Mr. Johnny Le was in the store playing pool. His brother and the store owner were there also (RR 3: 123). Prior to testifying, he had been given the opportunity to view the surveillance video from the store (RR 3: 123). In the video he saw himself, his brother and the store owner. He and his brother played pool for about 35 minutes.

Two men entered the store, the first one wearing a jacket and glasses; the

second one was wearing a hat and glasses (RR 3: 125). They spoke to the owner (RR 3: 126). They were there 15 minutes (RR 3: 127). Then they stood up as if to leave walking towards the exit (RR 3: 129). The shooter took out a gun, tapped Johnny Lee on the shoulder, and ordered him to kneel down (RR 3: 130). Then he told everybody to lay down. The second man, the non-shooter, came up behind Johnny Le (RR 3: 131). The second man never pointed a gun at Johnny Le. The second man also told Johnny Le to lay down (RR 3: 132). While kneeling down, Johnny Le heard the shooting (RR 3: 133). The gunman and the owner started to shoot each other (RR 3: 135). The cafe owner, Mr. Tu, pulled his gun in response to the other man having his gun out (RR 3: 136). Mr. Tu collapsed as he was running towards the entrance and he did not get back up. Blood was coming from his abdomen. Johnny Le's brother called 911. Johnny Le gave a statement to the police (RR 3: 137-138). Mr. Johnny Lee never saw the non-shooter short man direct the tall man to do anything. Mr. Johnny Lee saw the short man run out of the cafe first and then the tall man ran out about 20 seconds later (RR 3: 146-147).

Mr. Nghiep Le and his brother went to shoot pool at a coffee shop on

4

February 8, 2013 (RR 4: 13). Mr. Nghiep Le, his brother Johnny Le, and the owner were the only ones present when 2 men entered (RR 4: 15-16). Guns were drawn, shots fired, and the owner died (RR 4: 14). No one else entered the cafe between the time the two men entered and the shooting occurred (RR 4: 16). The defendant's friend, not the defendant, took out a gun and told everybody to kneel down (RR 4: 17). After the man with the gun ran out, Mr. Nghiep Le called 911. The owner, Mr. Tu, was lying on the floor (RR 4: 21). Mr. Nghiep Le gave a statement to the police (RR 4: 22). Mr. Nghiep Le identified the appellant as the man without the gun (RR 4: 26). The tall man with the gun came back to Mr. Nghiep Le's brother and told everyone to kneel down (RR 4: 30). During the shooting, Mr. Nghiep Le was kneeling down. During the shooting, there was no way he could see what was going on (RR 4: 33).

Assistant Medical Examiner, Dr. Michael Condron performed the autopsy on the complainant Tuan Tu on February 9, 2013 (RR 4: 37). The cause of death was 2 gunshot wounds of the torso. The manner of death was homicide (RR 4: 52).

DNA analyst Tammy Taylor did the analysis of item 6 (the glass), item 3 (the cigarette butt), and item 70 ( K2, the known sample of DNA) (RR 4: 66). State's

5

exhibit #56 is the report she generated (RR 4: 67). She concluded that K2 cannot be excluded as a possible major contributor to the DNA mixtures on items 3-1 and 6A-1 which were basically sub-items of Items 3 and 6 (RR 4: 68).

Quoc Nguyen was the spouse of the deceased complainant Tuan Tu. They had been married 15 and 1/2 years. There had 2 children (RR 4: 80).

HCSO Crime Scene Unit Deputy Raymond Campos made a call at the crime scene at 8244 Antoine on February 8, 2013 (RR 4: 83-84). He was assigned to take measurements of evidence including bullets striking walls (RR 4: 85-86). Neither the projectiles that struck the south wall nor the projectiles that struck the north wall were a tightly grouped set of shots (RR 4: 94). There were eight 9-millimeter casings found at the scene. The revolver found at the scene was a .38 caliber (RR 4: 95). Casings do not eject from a revolver; casings eject from a semiautomatic (RR 4: 96).

## SUMMARY OF THE ARGUMENT

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. TEX. PENAL CODE, sec. 7.01(a).

6

The evidence clearly showed, as the state's prosecutor Mr. Moss conceded, (RR 5:5) that appellant was not the shooter and that Mr. Vu Bui shot and killed the complainant Mr. Tuan Tu. Therefore, although the trial court's charge did contain a theory of criminal responsibility as a party to the offense of capital murder based upon appellant's own conduct, the state relied exclusively on two alternative theories of criminal responsibility as set out in TEX. PENAL CODE, sec. 7.02(a)(2) and 7.02(b).

Appellant contends that the jury charge contained an application paragraph which erroneously instructed the jury that, pursuant to sec. 7.02(a)(2), "Before you would be warranted in finding the defendant guilty of capital murder, ... you must find from the evidence beyond a reasonable doubt that the defendant, Thanh Kim Hoang, with the intent to promote or assist in the commission of the offense of robbery, if any, solicited, encouraged, directed, aided, or attempted to aid Vu Bui in shooting Tuan Tu, if he did, with the intention of thereby killing Tuan Tu .... (CR I: 101)."

In order for the jury to find appellant guilty pursuant to sec. 7.02(a)(2), the jury would have to find from the evidence beyond a reasonable doubt that the defendant, Thanh Kim Hoang, acted with the intent to promote or assist the

7

commission of the offense of capital murder not robbery. In addition, the jury would have to find beyond a reasonable doubt that the defendant, Thank Kim Hoang, solicited, encouraged, directed, aided, or attempted to aid Vu Bui to commit the offense of capital murder.

The trial court's erroneous jury instruction resulted in egregious harm to the appellant by allowing the jury to find appellant guilty pursuant to sec. 7.02(a)(2) without the required beyond a reasonable doubt finding that he had the intent to promote or assist in the commission of the offense of capital murder.

**ARGUMENT**

Appellant was charged with capital murder pursuant to TEX. PENAL CODE sec. 19.03(a)(2) which states that "A person commits an offense if the person commits murder as defined under Section 19.02(b)(1) and: ... the person intentionally commits the murder in the course of committing or attempting to commit ... robbery ...."

In pertinent part the indictment read as follows: "that in Harris County, Texas, **THANH KIM HOANG**, hereafter styled the defendant, heretofore on or about **February 8, 2013**, did then and there unlawfully, while in the course of

8

committing and attempting to commit the ROBBERY of TUAN TU, intentionally cause the death of TUAN TU by SHOOTING THE COMPLAINANT WITH A DEADLY WEAPON, NAMELY A FIREARM (CR I: 11).

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. TEX. PENAL CODE, sec. 7.01(a).

The surveillance video evidence (State's Exhibit #43 at RR 6: 42) clearly showed as the prosecutor Mr. Moss candidly pointed out to the jury that appellant was not the shooter (RR 5: 5). Therefore, appellant could not legally be found criminally responsible as a party to the offense of capital murder on the theory that the offense of capital murder was committed by his own conduct. The state, through Mr. Moss, relied on two alternative theories of criminal responsibility as set out in TEX. PENAL CODE, sec. 7.02(a)(2) and sec. 7.02(b).

Pursuant to sec. 7.02(a)(2), a person is criminally responsible for an offense committed by the conduct of another if:

acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense.

The "offense" that was committed by Vu Bui was capital murder. Simply stated, the "offense" of capital murder in this case consisted of the attempted or actual commission of the underlying offense of robbery plus murder while in the course thereof. Sec. 19.03(a)(2). Party liability pursuant to the plain language of sec. 7.02(a)(2) required the appellant Thank Kim Hoang to have acted with the intent to promote or assist the commission of the offense of capital murder. Party liability pursuant to the plain language of sec. 7.02(a)(2), in addition, required the appellant, Thanh Kim Hoang, to have solicited, encouraged, directed, aided or attempted to aid the other person, namely Vu Bui, to commit the offense of capital murder.

Therefore, in order for the jury to find appellant Thanh Kim Hoang guilty and criminally responsible for the offense of capital murder committed by the conduct of Vu Bui, the jury would have to find beyond a reasonable doubt that the appellant, Thanh Kim Hoang, acting with the intent to promote or assist the commission of the offense of capital murder, solicited, encouraged, directed, aided, or attempted to aid Vu Bui to commit the offense of capital murder. Sec. 7.02(a)(2).

Concerning the application of the TEX. PENAL CODE sec. 7.02(a)(2) type of

criminal responsibility for the offense of capital murder committed by the conduct of another, namely Vu Bui, the trial court instructed the jury, in pertinent part, as follows:

"Before you would be warranted in finding the defendant guilty of capital murder ... you must find from the evidence beyond a reasonable doubt that the defendant, Thanh Kim Hoang, *with the intent to promote or assist in the commission of the offense of robbery* (italics added for emphasis), if any, solicited, encouraged, directed, aided, or attempted to aid Vu Bui in shooting Tuan Tu, if he did, with the intention of thereby killing Tuan Tu ... (CR I: 101)."

The above italicized phrase "with the intent to promote or assist in the commission of the offense of robbery" is clearly incorrect. The language "with the intent to promote or assist in the commission of the offense" obviously comes directly from sec. 7.02(a)(2). The sec. 7.02(a)(2) phraseology is used in situations where one person, such as Vu Bui, in the instant case, by his own conduct commits an offense, such as capital murder, and there is evidence in the record to support a theory of criminal responsibility whereby a person different from Vu Bui, such as the appellant, Thanh Kim Hoang, could be found guilty of capital murder by being held criminally responsible for the conduct of another,

11

namely Vu Bui.

The word "offense" is used twice in sec. 7.02(a)(2). In the first instance, the statute requires that the person, in order to be found criminally responsible for the conduct of another, act with intent to promote or assist the commission of the offense. And that offense has to be the same offense that was committed by the conduct of another. Therefore, in appellant's case, that offense would have to be capital murder and not robbery. In the second instance of the use of the word offense in sec. 7.02(a)(2) it is further required that the person, in order to be found criminally responsible for the conduct of another, solicit, encourage, direct, aid, or attempt to aid the other person to commit the offense. Once again, in appellant's case, that offense would have to be capital murder.

In **Wooden v. State**, 101 S.W.3d 542 (Tex. App. -- Fort Worth 2003, PDRR), the appellant was convicted as a party to an aggravated robbery. The Court of Appeals pointed out that "Section 7.02(a)(2) of the penal code provides that a person is criminally responsible for another person's conduct if 'acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense' " Id. at 546.

The Fort Worth Court of Appeals further stated that "Rule 7.02(a)(2) of the penal code requires that a party to an offense intend to promote or assist 'the offense'. Therefore, the State was required to prove that appellant intended to promote or assist an aggravated robbery and that he solicited, encouraged, directed, aided, or attempted to aid in the commission of an aggravated robbery. Id. at 547."

In **Stephens v. State**, 717 S.W.2d 338, 340 (Tex. Crim. App. 1986), the Court of Criminal Appeals declared that "In the instant case, however, the jury had been charged to convict appellant only if it found that acting with the intent to promote or assist the commission of the offense, he solicited, encouraged, directed, aided, or attempted to aid in the another person to commit the offense. "The offense" in this case was aggravated rape."

In **Ransom v. State**, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994), the appellant was convicted of capital murder, the Court of Criminal Appeals approved of the parties charge given on the guilt/innocence phase of the trial which read in pertinent part "and that the Defendant, acting with the intent to promote or assist the commission of the offense of capital murder committed by Isaac Johnson, or Nathan Clark, or Bryan Williams, solicited, encouraged, directed,

13

aided, or attempted to aid the said Isaac Johnson, or Nathan Clark, or Bryan Williams to commit the said offense, if any, then you will find the Defendant guilty of capital murder charged in the indictment."

In **Vega v. State**, 394 S.W.3d 514, 518 (Tex. Crim. App. 2013), the Texas Court of Criminal Appeals, citing **Delgado v. State**, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007), pointed out that:

"The trial judge is 'ultimately responsible for the accuracy of the jury charge and accompanying instructions.' Article 36.14 states that 'the judge shall, before the argument begins, deliver to the jury, except in pleas of guilty, where a jury has been waived, a written charge distinctly setting forth the law applicable to the case.' The trial judge has the duty to instruct the jury on the law applicable to the case even if defense counsel fails to object to inclusions or exclusions in the charge."

In **Plata v. State**, 926 S.W.2d 300, 304 (Tex. Crim. App. 1996), The Texas Court of Criminal Appeals stated:

"For many years we have uniformly insisted that the State may not support a jury verdict of guilty upon the theory that an accused was criminally responsible

14

for an offense committed by the conduct of another person unless the court's charge specifically and adequately authorizes the jury to convict the accused upon that theory. As in other contexts, a charge is adequate for this purpose only if it either contains an application paragraph specifying all of the conditions to be met before a conviction under such theory is authorized, or contains an application paragraph authorizing a conviction under conditions specified by other paragraphs of the jury charge to which the application paragraph necessarily and unambiguously refers, or contains some logically consistent combination of such paragraphs."

In instructing the jury on the application paragraph of the TEX. PENAL CODE sec. 7.02(a)(2) theory of party liability, the trial court erred in informing the jury that a guilty verdict of capital murder would require that the jury find beyond a reasonable doubt that appellant had "the intent to promote or assist in the commission of the offense of robbery ... (CR I: 101)" instead of the intent to promote or assist in the commission of capital murder.

A trial court must fully instruct the jury on the law applicable to the case and apply that law to the facts adduced at trial. **Guevara v. State**, 191 S.W.3d 203, 206 (Tex. App. -- San Antonio, 2005, PDRR 2006). This is because the jury must

15

be instructed under what circumstances they should convict, or under what circumstances they should acquit. **Gray v. State**, 152 S.W.3d 125, 127-128 (Tex. Crim. App. 2004). Jury charges which fail to apply the law to the facts adduced at trial are erroneous. Id., at 128.

The trial court's erroneous instruction concerning party liability, pursuant to sec. 7.02(a)(2), id., allowed the jury to find appellant guilty of capital murder based upon an invalid legal theory that the jury only had to find beyond a reasonable doubt that appellant acted "with the intent to promote or assist the commission of the offense of 'robbery' ". The word "offense" as it appears in the statutory language of sec. 7.02(a)(2)  and as it should have been applied to appellant's case could only have the meaning of "capital murder" since capital murder was the "offense" which Vu Bui committed and the state was using the language of sec. 7.02(a)(2) to hold the appellant Thanh Kim Hoang criminally responsible as a party to the offense of capital murder that Vu Bui committed.

Appellant did not object to the error on the jury charge at trial. If error was not objected to, it must be "fundamental" and requires reversal only if it was so egregious and created such harm that the defendant "has not had a fair and impartial trial.' " **Almanza v. State**, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985, op.

16

on reh'g).

In determining whether appellant was egregiously harmed by the erroneous jury instruction, this Court should examine the following four factors: (1) the entire jury charge; (2) the state of the evidence, including contested issues and the weight of the probative evidence; (3) the parties' arguments; and (4) all other relevant information in the record. Id., at 171.

### 1. The Entire Jury Charge

This factor weighs in favor of finding egregious harm because the erroneous TEX. PENAL CODE sec. 7.02(a)(2) party liability instruction permitted the jury to return a guilty verdict based upon a invalid theory of criminal responsibility, i.e., by stating that the jury was required to find that appellant had the intent to promote or assist in the commission of the offense of robbery instead of the offense of capital murder (CR I: 101). The erroneous declaration that the offense for which the appellant had the intent to promote or assist was robbery not only contravened the specific statutory language of sec. 7.02(a)(2), but also improperly allowed the jury to base a guilty verdict of capital murder on less than the proof required to show that appellant was criminally responsible for the offense of capital murder which was committed by the conduct of Vu Bui.

17

**2. The State of the Evidence**

The state of the evidence was such that appellant could not have been found guilty as a party to capital murder based on his own conduct since he did not shoot the complainant (See State's Exhibit #43 at RR: 6: 42). Vu Bui shot and killed the complainant. The state's prosecutor, Mr. Nathan Moss, conceded that appellant could not be convicted of capital murder based on his own conduct (RR 5: 5).

Appellant contends that the fact that appellant could not have been found guilty of capital murder based on his own conduct combined with the state's seeking that the jury convict appellant for being criminally responsible for the conduct of Vu Bui in the commission of capital murder pursuant to TEX. PENAL CODE sec. 7.02(a)(2) weighs in favor of finding egregious harm from the erroneous instruction which allowed the jury to find appellant criminally responsible as a party to the offense of capital murder committed by Vu Bui without having to find that appellant acted with the intent to promote or assist in the commission of the capital murder (CR I: 101).

**3. The Parties' Argument**

The prosecutor, Mr. Moss, told the jury that appellant was not the shooter and that the case was about party and co-conspirator liability. The significance of the erroneous party liability instruction was that instead of having to find beyond a reasonable doubt that the appellant had to have been acting with the intent to promote or assist in the commission of the offense of capital murder as the statutory language of sec. 7.02(a)(2) required, the jury was told that they only had to find beyond a reasonable doubt that the appellant, Thanh Kim Hoang, acted "with the intent to promote or assist in the commission of the offense of robbery ... (CR I: 101)"

Also, the erroneous sec. 7.02(a)(2) instruction would have improperly impeded the jury's ability to consider the lesser included offense of felony murder. The jury was instructed that they were to consider the lesser included offense of felony murder only if they had a reasonable doubt or were unable to agree that appellant was guilty of capital murder (CR I: 103). Appellant contends that the erroneous sec. 7.02(a)(2) instruction made it much easier for the jury to agree that appellant was guilty of capital murder since they would not be required to find that he acted with the intent to promote or assist the commission

19

of capital murder (CR I: 101). The 3rd factor contributed to the egregious harm resulting from the erroneous instruction.

### 4. Other Relevant Evidence In The Record

There is evidence in the record to support a theory that the appellant did not act with the intent to promote or assist in the commission of the offense of capital murder of the specific complainant Tuan Tu as alleged in the indictment (CR I: 11). States witness Johnny Le testified that, when the shooting started, the shorter man, the man without the gun, didn't do anything. (RR 3: 145). Witness Le believed the short man was the first to run out of the store after the shooting started. Witness Le never saw the short man direct the tall man to do anything (RR 3: 146).

Witness Nghiep Le couldn't see after the shooting started because he was under the table (RR 4: 32).

However, the erroneous jury instruction stating that the jury only had to find beyond a reasonable doubt that the appellant had the intent to promote or assist the offense or robbery instead of the offense of capital murder fatally

impeded the jury's consideration of evidence, which, if believed, could have prevented him from being found guilty, as a party, pursuant to sec. 7.02(a)(2). The 4th factor also added to the egregiousness of the harm caused appellant.

Under an egregious harm standard, the erroneous jury instruction error warrants reversal. "[T]he jury was told in the application paragraphs in the charge that it could convict appellant on an invalid legal theory .... we can tell that neither the rest of the charge, nor the evidence, nor the jury arguments set the record right and that the jury was affirmatively told it must follow the law given it in the charge." **Green v. State**, 233 S.W.3d 72, 83-84 (Tex. App. -- Houston [14th Dist.] 2007).

Appellant was denied a fair and impartial trial due to the jury being authorized to find him criminally responsible for and guilty of the offense of a capital murder that was committed by another person Vu Bui without requiring the jury to find beyond a reasonable doubt the essential element that appellant acted with the intent to promote or assist the commission of the offense of capital murder as required by sec. 7.02(a)(2). Id., at 85.

The jury was instructed pursuant to three possible theories of criminal

responsibility: (1) that appellant was criminally responsible as a party to the offense of capital murder which was committed by appellant's own conduct; (2) that appellant was criminally responsible as a party to the offense of capital murder which was committed by the conduct of Vu Bui; or (3) that appellant was criminally responsible for the offense of capital murder as part of a conspiracy. Tex. Penal Code, sec. 7.01(a), 7.02(a)(2), 7.02(b); (CR I: 101-103).

In a case such as this where it is not possible to tell whether appellant was convicted on an erroneous theory of criminal responsibility or on a valid theory of liability, the jury charge affected the very basis of the case and denied appellant a valuable right. Appellant was egregiously harmed. **Robinson v. State**, 266 S.W.3d 8, 15 (Tex. App. -- Houston [1st Dist.] 2008, PDRR 2009).

## PRAYER FOR RELIEF

Appellant prays that this Court reverse the judgment of the court below and remand the case for further proceedings. TEX. R. APP. PROC. 43.2(d).

Respectfully submitted,

22

/s/Charles Hinton

Charles Hinton
P.O. Box 53719
Houston, Texas 77052-3719
832-603-1330
chashinton@sbcglobal.net
SBOT #09709800
Attorney for Appellant

**CERTIFICATE OF COMPLIANCE**

I certify that the word count of this document is 5202.


/s/Charles Hinton

Charles Hinton

**CERTIFICATE OF SERVICE**

I certify that a copy of appellant's brief has been electronically served upon

the attorney for the State, Mr. Alan Curry, Assistant District Attorney, 1201

Franklin, Houston, Texas 77002 on March 29, 2015.


/s/Charles Hinton

Charles Hinton